STEVEN G. KALAR
Federal Public Defender
GABRIELA BISCHOF
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    415.436.7700
Facsimile:     415.436.7706
Email:          Gabriela_Bischof@fd.org

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br><br>     v.<br><br>NHUT DAO,<br><br>                    Defendant. | No. CR 16-69 JSC<br><br>DAO'S MOTION TO SUPPRESS STATEMENT OBTAINED PURSUANT TO UN-MIRANDIZED CUSTODIAL INTERROGATION<br><br>Date: August 5, 2016<br>Time: 9:00 a.m.<br>Court: Hon. Jacqueline Scott Corley |

**INTRODUCTION**

Defendant Nhut Dao hereby moves for suppression of statements made during an unwarned custodial interrogation. Mr. Dao's statements must be suppressed because police questioned him while he was in custody without giving him *Miranda* warnings. The instant motion is based on the evidence and authorities discussed below. Mr. Dao reserves the right to make additional motions regarding the admission or exclusion of evidence.

**BACKGROUND**

On July 19th, 2015, a National Park Service employee, Travis Bankas, put a radio call out indicating that he had witnessed an assault in the Palomarin trailhead parking lot. See Declaration of Gabriela Bischof, Exhibit A, Hastings Report ND-0006. Ranger Bankas provided a description of an involved vehicle, which included the license plate number, and a description of the individual involved in the assault. *Id.* Ranger Hastings saw the vehicle driving away from the trailhead, followed it, and pulled it over at the Bolinas Fire Station. *Id.* Mr. Dao was a passenger in the vehicle.

Ranger Hastings then questioned Mr. Dao about the incident. Mr. Dao admitted that he was involved in the altercation and immediately, spontaneously stated that he acted in self-defense. *Id.* According to Ranger Hastings, Mr. Dao would not elaborate on anything further or discuss the specific details of the altercation but repeatedly stated that he acted in self-defense. *Id.* Ranger Hastings then removed Mr. Dao from the vehicle, frisked him, and asked for his driver's license and personal information. Bischof Decl., Exhibit B, Hastings Body Cam Video ND-0031, Part 1. Ranger Hastings told Mr. Dao to sit on the car's bumper away from the rest of his party and stated that it would "be a couple minutes." *Id.* Ranger Hastings then questioned Mr. Dao again about the incident. Bischof Decl., Ex. A. During this round of questioning, Mr. Dao requested to have an attorney present. *Id.* Ranger Hastings stated that Mr. Dao was not in custody but rather being detained for the purposes of the investigation. *Id.* Mr. Dao was ultimately placed in the back of a police vehicle unhandcuffed. *Id.* Ranger Hastings questioned Mr. Dao for almost an hour. Bischof Decl., Ex. B. See also Bischof Decl., Exs. C and D, Hastings Body Cam Video ND-0031, Parts 2 and 3. At no point during the interrogation does Ranger Hastings (or any other law enforcement officer) advise Mr. Dao of his *Miranda* rights and seek a waiver of those rights. *Id.*

**ARGUMENT**

Mr. Dao requests that the Court prohibit the introduction of Mr. Dao's unwarned, custodial statements. Prior to a custodial questioning, the government must advise a suspect of his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). These rights include warnings that the person has a right to remain silent and the right to an attorney and that any statements made may be used against the

person. *Id.* In order to use statements obtained during a custodial interrogation, the Government must demonstrate that it advised the suspect of his rights, the suspect understood those rights, and the suspect validly waived them. *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (citing *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). The remedy for a violation *of Miranda* is suppression of the unwarned statements. Failure to administer Miranda warnings creates a presumption of compulsion. *Oregon v. Elstad*, 470 U.S. 298, 307 (1985). Consequently, unwarned statements that are otherwise voluntary within the meaning of the Fifth Amendment must nonetheless be excluded from evidence under *Miranda*. *Id.* The presumption is not rebuttable for purposes of admission of the statements in the government's case-in-chief. *Id.*

In this case, it is clear that Mr. Dao falls under the protection of *Miranda.* An interrogation is custodial—and therefore warrants a *Miranda* warning—when, given the circumstances, a reasonable person would "have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 116 (1995). The interaction between Ranger Hastings and Mr. Dao became custodial when Ranger Hastings removed Mr. Dao from the car, told him to sit on the car's bumper away from the rest of his party, frisked him, and asked for his driver's license and personal information. Bischof Decl., Ex. B at 3:58. No reasonable person would have felt free to leave at that point. Ranger Hastings's later statement that Mr. Dao was being detained was a reflection of that indisputable state of affairs.

Ranger Hastings's questioning of Mr. Dao clearly constituted interrogation. "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). Ranger Hastings describes his conversation as express questioning. Bischof Decl., Ex. A ("I began questioning DAO"). Moreover, his questions were clearly likely to elicit an incriminating response. Bischof Decl., Ex. B ("did you end up getting hit or punching somebody or anything like that?").

Finally, Mr. Dao was not given any warnings before he was interrogated. Ranger Hastings' report makes no reference to *Miranda* warnings and none are audible in the body cam video of the interrogation. Moreover, Mr. Dao attempted to invoke his right to counsel, and his request was

ignored. According to Ranger Hastings's report, "Dao requested to have an attorney present." Bischof Decl., Ex A. See *Sessoms v. Grounds*, 776 F.3d 615, 619 (9th Cir. 2015) ("[If] a suspect requests counsel at any time during a [custodial] interview, he is not [to be] subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation.") (quoting *Davis v. United States*, 512 U.S. 452, 458 (1994)). Ranger Hastings denied Mr. Dao's request and continued to question him.

Because the police did not give Mr. Dao any warnings before subjecting him to custodial interrogation, his resulting statement is presumptively coerced. Therefore, it must be excluded at trial.

**CONCLUSION**

For the reasons discussed above, Mr. Dao respectfully asks the Court to suppress the statements elicited during the un-*Mirandized* custodial interrogation. To the extent that disputed factual matters impact the constitutional analysis of the questions presented here, an evidentiary hearing is required.

Date: July 14, 2016                                    Respectfully submitted,


STEVEN G. KALAR
Federal Public Defender


_____/s/_____
GABRIELA BISCHOF
Assistant Federal Public Defender

4